OPINION of the Court, by
Ch. J, Boyle.
This, was an action brought by M’Ginnis, the assignee, against Burton, the assignor of a note given to the latter by Iienry Palmer. On the trial, after the evidence on the part of M’Ginnis was produced, the court, on the motion of Burton’s counsel, instructed the jury that M’Ginnis had lost his recourse upon Burton by his neglect to use due diligence against Palmer. To the instruction given by the court an exception was taken on the part of M’Ginnis, and a verdict and judgment having been given against him, he has brought the cause hereby writ of error.
Of the correctness of the instruction given to the jury by the court below, we entertain no doubt. From the record of the ca-e of M'Ginnis vs. Palmer, it appears that the note from Palmer to Burton was payable the 1st of October 1802, and was assigned to M’Ginnis on the 30th of December of the same year ; but that the suit against Palmer was not commenced until the 25th of October 1803. Thus leaving a period of near tea months between the alignment of the note and the commencement of the suit ; a period in which three terms of the court for the circuit in which the parties resided passed by, and which was amply sufficient, by a diligent prosecution of the suit, to have either obtained the money or secured it by a replevy. For this delay no reason is alleged or excuse offered. But passing over this instance of negligence, the case made out by M’-Ginnis still presents insuperable, objections to his recovery against Burton.
On the judgment against Palmer he had a fieri facias issued, bearing dale the 13th of June 1304, upon which tiie sheriff returned “ executed and proceedings stayed by order of the plaintiff,” and on the 27th of February 18Q5, another fieri facias was issued, upon which the sheriff made a similar return. That the indulgences thus given to Palmer by M’Ginnis, after property had been seized by the sheriff to satisfy the execution, would, if Burton had otherwise Been liable, have discharged him from all further responsibility, is a position too clear to admit of a question. M’Ginnis has indeed attempted to throw the responsibility of granting these *7 indulgences upon Burton, but he has not satisfactorily done so. The proof upon this point is that an execution being out against Palmer, he applied to M’Ginnis for indulgence, who answered he had no objection if Burton was willing; and Burton being asked if he would consent, stated he had no objections if M’Ginnis had none. The execution was stopped, but the witness could not state what time this conversation took place. The language attributed to Burton in this conversation is certainly not such as is calculated to convey very distinctly the idea that he intended to assume upon himself a responsibility for the consequences of the indulgence. But were it to Be so construed, it could not warrant the indulgence granted on both executions. The evidence, though indefinite as to the time the conversation happened, plainly relates to but one of the instances ia which indulgence was granted ; and whether it be applied to the first or the last instance is not material. If to the first, then the property taken under the second execution was released by •M’Ginnis’s own authority and upon his own responsibility ; and if to the last, then by the release of the property taken under the first execution without Burton’s consent, he was discharged from any further responsibility, and his consent to an indulgence in the second instance could not make him responsible.
In pursuing still farther the steps taken by M’Ginnis against Palmer, we shall find additional reason for approving the instruction given by the court below. A3 late as the 7th of November 1805, Palmer replevied the debt. This circumstance is conclusive evidence of his solvency at that date. The bónd it is true was after-wards quashed for the defective manner in which it was taken by the sheriff. But the loss of the debt, if it h?s occurred by the subsequent insolvency of Palmer, is attributable not to any fault of Burton, but to the fault of the officer who took the replevin bond ; and to him, and not to Burton, ought M’Ginnis to look for an indemnity. To make Burton liable, under these circumstances, would be extending his responsibility beyond all reasonable bounds.
Judgment affirmed.