WRIGHT
*vs*
STRANGE.

---

·ASSUMPSIT.

# Wright *vs* Strange.

ERROR TO THE WARREN CIRCUIT.

*Case* 61.

*Assignor and assignee. Dilligence.*

*Oct.* 23.

JUDGE MARSHALL delivered the opinion of the Court.

Case stated.

THIS is an action of assumpsit by Wright, as assignee, against Strange, as assignor of a note. The declaration shows, that in pursuing the remedy against the obligor, the debt was replevied for three months by him as authorized by law, and that an execution duly issued on the replevy bond, was returned "no property found," and a judgment having been rendered against the plaintiff on demurrer, the only question presented is, as to the effect of the facts above stated as tending to prove or disprove a right of action against the assignor.

It is strenuously contended, in support of the judgment, that upon the execution of a replevin bond by the obligor, with securities, the assignor becomes wholly discharged from responsibility, and the assignee must thenceforth look for his satisfaction, either to the bond or to the Sheriff. And the case of *M Ginnis* vs *Burton*, (3 *Bibb*, 6,) in which this Court says, that the execution of a replevy bond is conclusive evidence of the obligor's

solvency at the time, is relied on in aid of this conclusion. It is contended, on the other hand, that the execution of a replevy bond is not conclusive evidence of solvency, and should not, of itself, conclude the question of responsibility between the assignee and assignor; that the liability of the latter is based upon a failure of the consideration which he has given by the transfer of the notes to be established by the diligent but fruitless prosecution of the remedy against the obligor; that this is proved as well by a return of no property, upon an execution on a replevy bond, as by the same return on an execution on a judgment, and that upon the principle of a failure of consideration, the assignee is no more bound to the loss in the former than in the latter case.   We have presented these points of the argument, not with a view to decide them, but because they bring into view a question of considerable importance, which, as we believe, has not been decided in this Court.   We do not understand the case of *McGinnis* vs *Burton,* as deciding that the execution of a replevy bond by the obligor will under all circumstances, conclude the question as to the recourse of the assignee against the assignor.   And if the opinion in that case is to be understood as asserting, that under all circumstances, the execution of a replevy bond is conclusive evidence of the solvency of the debtor, such a declaration goes farther than was necessary in that case, and is a conclusion of mere fact, not authorized by observation and experience.   A consideration of the opinion in that case, will show that the replevy bond was referred to only as a point auxiliary to the main grounds on which the case was decided.   And for the purposes of that case, and under its circumstances, the solvency of the debtor at the date of the bond, might have been properly regarded as conclusively proved by its execution.

But although the replevying of the debt by the debtor is not always conclusive evidence of his solvency, because, although it is the Sheriff's duty to take none but solvent securities in the bond, he may possibly fail in this duty; yet, as this is not to be presumed, the fact of the obligor's replevying the debt, must, standing alone, be very strong evidence of his solvency, so far as the co-

The execution of a replevy bond is strong, tho' not conclusive evidence of the solvency of the debtor.—

ercion of that debt is concerned, and standing alone, it might be deemed conclusive. But, when upon executions issued at the end of three monts, it appears that none of the obligors have any property, it seems to us that this strong fact overthrows the presumption in favor of the Sheriff's having done his duty, and if unexplained, is sufficient to establish the contrary presumption, that he failed in his duty, and took insufficient securities in the bond.

—And a return of *nulla bona* upon a *fi. fa.* on replevin bond is *prima facie* evidence that the Sheriff has not done his duty in taking surety, and the assignor is bound to pursue the Sheriff, in such case, before resorting to the assignor.

Assuming, then, that the execution of a replevin bond in the course of the assignee's pursuit of the obligor, is not to be taken as conclusive of the question of solvency, and conceding, without deciding, that it is not conclusive against the liability of the assignor, we are of opinion that the return of no property, upon an execution on the bond issued when it becomes due, makes out *prima facie*, a case in which the Sheriff, by neglect of duty in this respect, has become liable for the debt. And, that as there is no averment in the declaration to show that he was not liable, the inference upon its face is, that the plaintiff has not pursued all the remedies which the law has given him for the coercion of the debt, and therefore, is not entitled, on the facts as they appear, to resort to the assignor. If the Sheriff is liable, the debt is not lost— the consideration promised by the assignors has not failed—the remedies which the law furnishes have not been exhausted, and it is for the assignee and not the assignor, to pursue those remedies, incidental as well as direct, before he can call upon the assignor. This has been heretofore repeatedly decided by this Court, and seems to follow, from the attitude which the assignee assumes, in taking the legal title of the note by assignment. It is to him that the remedies growing up incidentally in the prosecution of the principal one against the obligor belong. And undertaking, as he does, to collect the debt by such means as the law affords, he is bound to exhaust them all. Whether, then, the execution of a replevy bond should be regarded as conclusive against the recourse of the assignee upon the assignor or not, the declaration is defective, and the judgment on the demurrer terminates the present case. And as it is not neces-

sary to say, in anticipation of a new case, whether the defect can be cured, or by what averments, if by any, we do not enter into that subject.

Wherefore, the judgment is affirmed.

*Underwood* for plaintiff: *Morehead & Reed* for def't.